IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| ROCIO LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-cv-273 |
| | ) | |
| WAL-MART STORES TEXAS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WAL-MART STORES TEXAS, LLC'S NOTICE OF REMOVAL

WAL-MART STORES TEXAS, LLC ("Defendant") respectfully submits this Notice of Removal for the purpose of removing the above-entitled action from the 34th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL HISTORY

1. Plaintiff commenced this action in the 34th Judicial District Court in El Paso County, Texas, Cause No. 2019DCV3091, by filing her Original Petition ("Petition") on August 16, 2019. Copies of all pleadings filed in that action are attached as Exhibit A.

2. Plaintiff served her Original Petition on Defendant on September 4, 2019 [Exhibit "A"].

3. As Defendant more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which their partners or members are citizens.

7. Defendant is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart, Inc. The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart, Inc. The principal place of business of Wal-Mart Stores Texas, LLC is Bentonville, Arkansas. Therefore, Wal-Mart Stores Texas, LLC is a citizen of the states of Arkansas and Delaware. Wal-Mart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Therefore, Wal-Mart, Inc. is a citizen of the states of Arkansas and Delaware. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332, 1441.

8. Plaintiff is claiming damages for reasonable medical care and expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and

future, disfigurement, and lost earning capacity in the past and future. Plaintiff seeks monetary relief of no less than $200,000 and no more than $1,000,000. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

9. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

### III. OTHER REMOVAL MATTERS

10. Defendant reserves the right to amend or supplement this Notice of Removal.

11. There have been no pleadings served upon Defendant other than the Plaintiff's Original Petition.

12. This Notice of Removal is filed within 30 days of service upon Defendant of the Petition in compliance with 28 U.S.C. § 1446(b).

13. Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, 34th Judicial District Court, attaching a file-stamped copy of this Notice of Removal.

14. Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

15. WHEREFORE, Defendant gives notice that *Rocio Lopez v. Wal-Mart Stores Texas, LLC*, Cause No. 2019-DCV3091, in the 34th Judicial District Court of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____
**STEVEN J. BLANCO**
State Bar No. 00796217
sblanco@bomwlaw.com
**ROBERT M. ESTRADA**
State Bar No. 24071886
restrada@bomwlaw.com

Attorneys for Defendant WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the 25th day of September, 2019.

_____
**STEVEN J. BLANCO**

# EXHIBIT A

El Paso County - 34th District Court

Filed 8/16/2019 4:59 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3091

IN THE COUNTY COURT AT LAW NUMBER ____
____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| ROCIO LOPEZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Cause No. 2019-DCV-____ |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| *Defendant*. § | |
| § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ROCIO LOPEZ (hereinafter referred to as "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC (hereinafter referred to as "Defendant") and for a cause of action would show the Court as follows:

### I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II. PARTIES

Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's driver's license are 138.

Defendant Wal-Mart Stores Texas, LLC is a Delaware corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, C T Corporation System, or any other authorized officer or agent therein at 1999 Bryan St., Suite 900, Dallas, Texas 75201 and/or wherever they may be found.

## III. FACTS

On or about February 27, 2018, while in the course of her employment with Defendant at its 7555 N. Mesa St., El Paso, Texas 79912 location, Store #1015, Plaintiff was performing her job functions as a team member at the above location. On the date of this incident, Defendant placed or allowed to be placed a large palette directly behind Plaintiff's work area. While unloading and moving boxes from one palette to another, she took a step back and tripped over said palette. Plaintiff fell over the palette and landed on both of her arms. Defendant created or had knowledge of a dangerous condition. Defendant had knowledge of and failed to remove items that constituted a dangerous condition including said palette.

Defendant knew or should have known of the dangers and failed to correct or warn of the danger. Plaintiff would show that Defendant had control over the workplace safety and made little or no safety policies for Plaintiff and other workers to prevent injury from recognized hazards in the workplace, such as the one which injured Plaintiff. Defendant failed to provide a safe work environment for Plaintiff and failed to adequately train employees to prevent the hazards such as the one that injured Plaintiff. Further, Defendant failed to provide competent and safe co-workers on the job site to prevent injuries such as Plaintiff's.

## IV. DEFENDANT'S DUTY

Under Texas law, Defendant had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103). Defendant failed to ensure a safe workplace for Plaintiff. Defendant failed to become a subscriber under the Worker's Compensation Act of this State code.

2 | P a g e

*Rocio Lopez v. Wal-Mart Stores Texas, LLC.*
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND INITIAL REQUEST FOR DISCLOSURES

## III. FACTS

On or about February 27, 2018, while in the course of her employment with Defendant at its 7555 N. Mesa St., El Paso, Texas 79912 location, Store #1015, Plaintiff was performing her job functions as a team member at the above location. On the date of this incident, Defendant placed or allowed to be placed a large palette directly behind Plaintiff's work area. While unloading and moving boxes from one palette to another, she took a step back and tripped over said palette. Plaintiff fell over the palette and landed on both of her arms. Defendant created or had knowledge of a dangerous condition. Defendant had knowledge of and failed to remove items that constituted a dangerous condition including said palette.

Defendant knew or should have known of the dangers and failed to correct or warn of the danger. Plaintiff would show that Defendant had control over the workplace safety and made little or no safety policies for Plaintiff and other workers to prevent injury from recognized hazards in the workplace, such as the one which injured Plaintiff. Defendant failed to provide a safe work environment for Plaintiff and failed to adequately train employees to prevent the hazards such as the one that injured Plaintiff. Further, Defendant failed to provide competent and safe co-workers on the job site to prevent injuries such as Plaintiff's.

## IV. DEFENDANT'S DUTY

Under Texas law, Defendant had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103). Defendant failed to ensure a safe workplace for Plaintiff. Defendant failed to become a subscriber under the Worker's Compensation Act of this State code.

2 | P a g e

*Rocio Lopez v. Wal-Mart Stores Texas, LLC.*
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND INITIAL REQUEST FOR DISCLOSURES

## V. DEFENDANT'S NEGLIGENCE

Plaintiff would show that the damages and injuries were caused by the negligence of Defendant, their employees, agents and representatives. Plaintiff would show that Defendant owed a duty to Plaintiff, that Defendant breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant were negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Creating a dangerous trip hazard;
2. Failure to furnish Plaintiff with a safe place to work.
3. Failure to properly train, educate, instruct, and supervise Plaintiff in the performance of her duties.
4. Failure to supply adequate and reasonably competent workers.
5. Failure to establish and enforce safety rules and regulations.
6. Failing to provide proper safety manuals and instructions to employees responsible for safety.
7. Failure to provide adequate means of communication to enable employees obtain guidance from their employer on how to safely perform their job.
8. Failure to remove a dangerous condition created by Defendant.
9. Failure to warn Plaintiff of the dangers.
10. Failure to furnish Plaintiff with adequate, necessary, and suitable tools, appliances and equipment.
11. Negligent supervision, training, and instruction.
12. Other acts of negligence.

One or more of the foregoing negligent acts or omissions of Defendant constituted negligence and were a proximate cause of the injuries to Plaintiff. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

## VI. PLAINTIFF'S DAMAGES

As a direct result of the incident, Plaintiff suffered bodily injuries. Specifically, Plaintiff sustained injuries to both of her arms, shoulders and her neck. As a further result of the incident Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses

incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past. Plaintiff will continue to suffer mental anguish in the future. As a further result of the incident, Plaintiff has suffered emotional distress in the past, Plaintiff will continue to suffer emotional distress in the future. Plaintiff has suffered disfigurement. As a result of the incident, Plaintiff was prevented from working and has lost earning capacity. Plaintiff will continue to suffer a loss of wage-earning capacity in the future.

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past, past physical impairment, and lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly reasonable compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in Tex .R. Civ. P. 47(c)(1) and affirmatively pleads that the monetary damages sought will fall within the limits set out in Tex. R. Civ. P. 47(c)(5). Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff is seeking monetary relief over $200,000.00 but no more than

*Rocio Lopez v. Wal-Mart Stores Texas, LLC.*
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND INITIAL REQUEST FOR DISCLOSURES

$1,000,000.00.

## VII. No Valid Arbitration Agreement

Defendant has admitted that no valid Arbitration Agreement exists. Additionally, the Injury Plan or Occupational Benefit Plain are void and invalid for one or more of the following alternative reasons:

1. The Federal Arbitration Act does not apply. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).
2. The Plan is illusory.
3. The Texas Arbitration Act excluded Arbitration for personal injury §171.002(a)(3); CPRC §171.002(c).
4. The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
5. It is void in violation of Texas Labor Code § 406.033(e) and 406.035.
6. Defendants engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
7. The "Plan" violates Texas Transportation Code §643.106.
8. There was no consideration. This is totally <u>unfunded</u>. There is no segregated funds, no obligation to pay, no guarantee of payment, and no insurance.
9. The documents are procedurally and substantively unconscionable.
10. The documents were executed based on fraud in the inducement and under duress.
11. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a)(3).
12. Fraud, misrepresentation, no consideration and other contract defenses are fact issues and under The Texas Constitution, Plaintiff is entitled to a jury trial on these issues. Plaintiff requested a jury trial.
13. Not a knowing voluntary agreement. Plaintiff had no understanding of this document.
14. The purported agreement violates the 10th Amendment of the U.S. Constitution.
15. The purported agreement is against public policy.

## VIII. Jury Demand

Plaintiff respectfully requests a trial by jury of the issues in this case.

## IX. Request For Initial Disclosures

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 51 days of service of this request, the information or material described in Rule 194.2(a) through (i).

## X. TRIAL EVIDENCE

Plaintiff hereby notifies Defendants that Plaintiff intends to use Defendant's discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XI. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

/s/ *Daisy Chaparro*
**DAISY CHAPARRO**
TX State Bar No.: 24088824
906 N. Mesa, 2nd Floor
El Paso, Texas 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283
DChaparro@FTAlawfirm.com
*Attorney for Plaintiff*

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WAL-MART STORES TEXAS, LLC,** who may be served with process by serving its registered agent **C T CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand and Request for initial Disclosures** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **34th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 16th day of August, 2019 by Attorney at Law, DAISY CHAPARRO, 906 N. MESA ST., 2ND FLOOR, EL PASO, TX 79902, in this case numbered **2019DCV3091** on the docket of said court, and styled:

ROCIO LOPEZ
VS
WAL-MART STORES TEXAS, LLC

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand and Request for initial Disclosures** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 22nd day of August, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Filed AUG A.D. 22 2019
AT 8:20 o'clock A M

NORMA FAVELA BARCELEAU
District Clerk
El Paso, County, Texas

BY _____ DEPUTY

Attest: __NORMA FAVELA BARCELEAU__ District Clerk
El Paso County, Texas

By: _____, Deputy
Ignacita Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

34th

NUMBER: 2019DCV3091

REQUESTED BY: Flores Tawney & Acosta

BY: Flores Tawney & Acosta

- ABSTRACT OF JUDGMENT
- ALIAS
- CITATION PERSONAL SERVICE
- CITATION BY CERTIFIED MAIL   ☐ OUTSIDE SERVICE   ☐ BY DISTRICT CLERK
- CITATION NON RESIDENT
- CITATION BY POSTING
- CITATION BY PUBLICATION
- NOTICE TO SHOW CAUSE
- ORDER OF SALE
- PROTECTIVE ORDER
- SUBPOENA(S)
- ( )
- WRIT OF ATTACHMENT
- WRIT OF EXECUTION
- WRIT OF HABEAS CORPUS
- WRIT OF POSSESSION
- OTHER:

☐ SHERIFF
☐ Pauper's Oath
☐ RUSH
Approved By: _____
For Pick up on: _____

Request Received:

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2019 AUG 19 PM 4:55
EL PASO COUNTY, TEXAS
BY _____
DEPUTY

Notes to the Clerk

ISSUED BY: A. Ramirez   Date: 8/22/19

Attn: The District Clerk's Office is not responsible for any errors after the request is received by the requesting individual. Please review your request for accuracy.

RECEIVED BY: Valeria Flores   Date: 8/22/19
PLEASE PRINT